# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [SEALED],<br><br>Plaintiff,<br><br>– Against –<br><br>[SEALED],<br><br>Defendants. | Civil Action No _____<br><br>FALSE CLAIMS ACT COMPLAINT<br><br>**[FILED UNDER SEAL]** |

**FILED IN CAMERA AND UNDER SEAL UNDER**
**31 U.S.C. § 3730(b)(2)**
**DO NOT POST ON ECF**
**DO NOT PUT IN PRESS BOX**

Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, #601
Coraopolis, PA 15108
(412) 436-3443

*Counsel for Plaintiff Relator*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Zachary HOLTZMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID J. WEGMAN,<br><br>Defendant. | Civil Action No _____<br><br>FALSE CLAIMS ACT COMPLAINT<br><br>[FILED UNDER SEAL] |

*Qui tam* plaintiff and Relator Zachary Holtzman, through his undersigned attorney, hereby brings this action on behalf of the United States of America, against:

- David J. Wegman.

The claims asserted in this Complaint are based on Defendant submitting, or causing to be submitted, a materially false application for a Paycheck Protection Program ("PPP") loan and related forgiveness for a putative sole proprietorship employing 500 persons. Defendant's applications included materially false statements or material omissions about the employee size of his sole proprietorship. In reality, no such business existed and certainly no business employing 500 people.

Defendant's PPP loan application was approved on or about April 29, 2020 in the amount of $4,834,292. This loan was forgiven in its entirety costing the government a total of $4,904,926that would not otherwise have been paid but for the false claims described herein. The claims are based on the facts and information set forth below.

1

## TABLE OF CONTENTS

NATURE OF THE CLAIM ................................................................................................. 2

PARTIES ............................................................................................................................ 2

    A. Relator – Zachary Holtzman ................................................................................ 2

    B. Defendant David J. Wegman ............................................................................... 2

JURISDICTION AND VENUE ........................................................................................ 3

FACTS ................................................................................................................................ 4

    I. Governing Law ....................................................................................................... 4

        A. The Federal False Claims Act ............................................................................. 4

        B. The Paycheck Protection Program ..................................................................... 5

    II. Violations of the False Claims Act ......................................................................... 7

        A. PPP Loan Application ......................................................................................... 7

        B. Defendant's Actual Business .............................................................................. 7

CAUSES OF ACTION ...................................................................................................... 9

## NATURE OF THE CLAIM

1. Relator sues Defendant to recover treble damages and civil penalties on behalf of the United States of America for Defendant's false applications for PPP loans and forgiveness which were submitted to the Small Business Administration ("SBA") through Defendant's bank, PNC.

2. Defendant knew he did not meet the established criteria set by the SBA to obtain the PPP loan or forgiveness funds.

3. Defendant engaged in the submission of false claims to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA").

## PARTIES

**A.  Relator – Zachary Holtzman**

4. Mr. Holtzman is an individual resident and domiciliary of the Commonwealth of Pennsylvania.

**B.  Defendant David J. Wegman**

5. Defendant David J. Wegman is an individual resident and domiciliary of the State of Florida with an address of 591 Hammock Rd, Marco Island, FL 34145. Mr. Wegman owns residential real estate in Prattsburgh, NY and Hilton, NY, and owns and operates an assisted living facility in Hilton, NY.

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345 because this action involves a federal question and the United States is plaintiff. This Court also has subject matter jurisdiction under 31 U.S.C. § 3732(a).

7. The Court may exercise personal jurisdiction over the Defendant under 31 U.S.C. § 3732(a). The Court has personal jurisdiction over Defendant because he regularly transacts business within this District.

8. Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) & (c) because Defendant transacts business or is found within this District and a substantial part of the events establishing the alleged claims arose in this District.

9. No allegation in this Complaint is based on a public disclosure of allegations or transactions in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, administrative, or General Accountability Office, or other Government report, hearing, audit, or investigation; or from the news media. Rather, Relator is the original source.

10. Under 31 U.S.C. § 3730(b)(2), this Complaint was filed in camera and under seal and shall not be served on Defendant until the Court so orders.

11. Disclosure of substantially all material evidence and information possessed by Relator has or will be served on the government.

## FACTS

### I. Governing Law

#### A. The Federal False Claims Act

12. The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval," "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," or conspires to do so. 31 U.S.C. § 3729(a)(1).

13. As of the date of filing, any person found to have violated these provisions is liable for a civil penalty of not less than $13,508 and not more than $27,018 for each such violation, plus three times the damage sustained by the Government.

14. The FCA imposes liability where conduct is "in reckless disregard of the truth or falsity of the information" and clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

15. The FCA also broadly defines a "claim" to include "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that - ... is made to a contractor, grantee, or other recipient if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest ... " 31 U.S.C. § 3729(b)(2)(A).

16. The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to sue on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any defendant. The complaint remains under seal while the Government conducts an investigation of the allegations and determines whether to intervene. 31 U.S.C. §3730(b).

### B.     The Paycheck Protection Program

17. The Paycheck Protection Program ("PPP") is the United States Government business loan program established in 2020 through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help certain businesses, self-employed workers, sole proprietors, certain nonprofit organizations, veterans' organizations, and tribal businesses to continue paying their workers. The program is implemented by the U.S. Small Business Administration ("SBA").

18. The PPP allowed qualified entities to apply for low-interest private loans to pay for their payroll and certain other operating costs. Under the PPP, the allowable amount of a PPP loan was calculated based on the borrowing entity's average monthly payroll costs multiplied by 2.5.[1]

19. The PPP loan had to be used to cover payroll costs, rent, interest, and utilities.

---

[1] *See* How to Calculate Maximum Loan Amounts – by Business Type, U.S. Small Business Administration, (Jun. 26, 2020) https://www.sba.gov/sites/default/files/2020-06/How-to-Calculate-Loan-Amounts-508_1.pdf (last visited September 7, 2022).

20.  The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

21.  The deadline for entities to apply for a PPP loan was initially June 30, 2020, which was later extended to August 8, 2020.

22.  The PPP was reopened on January 11, 2021. The Program ended on May 31, 2021.[2]

23.  The PPP was added under Section 1102 of the CARES Act by amending Section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) *et seq.*, which temporarily permitted the SBA to guarantee 100 percent of the PPP loans.

24.  Section 1106 of the CARES Act, which also amended Section 7(a), further provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

25.  As described below, Defendant Wegman did not qualify for any PPP loan or forgiven because he did not have any sole proprietorship and certainly no sole proprietorship with 500 employees.

26.  Instead, he owns and operates an assisted living facility employing roughly 100 people.

---

[2] *See* Paycheck Protection Program, U.S. SMALL BUSINESS ADMINISTRATION, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program (last visited Dec. 9, 2021).

## II. Violations of the False Claims Act

27. Defendant violated the False Claims Act by submitting materially false applications and supporting materials in connection with his application for a PPP loan and then forgiveness of that loan.

### A. PPP Loan Application

28. Defendant's application for a PPP loan was approved on or about April 29, 2020.

29. In his application, Mr. Wegman represented that he was operating a sole proprietorship in his own name and employing 500 people.

30. He represented his business address as 231 East Avenue, Hilton, NY 14468.

31. He reported that his industry was "Continuing Care Retirement Communities."

32. Mr. Wegman does not operate a sole proprietorship out of 231 East Avenue, Hilton, NY 14468, and he does not employ 500 people.

33. Nevertheless, Mr. Wegman received a PPP loan in the amount of $4,834,292 and forgiveness in the amount of $4,904,926.

### B. Defendant's Actual Business

34. The 231 East Avenue, Hilton, NY 14468 address Mr. Wegman used for his false PPP loan and forgiveness applications is the location Hilton East Assisted Living ("HEAL").

35. Mr. Wegman owns and operates Hilton East Assisted Living ("HEAL") as the sole member and manager of Hilton East Assisted Living LLC. *See* Exhibit 1, Certificate of Amendment of Articles of Organization (signed by Mr. Wegman as "Sole Member"); Exhibit 2, Biennial Statement (signed by Mr. Wegman as "Manager").

36. The New York Department of Health must approve all owners/operators of assisted living facilities in New York. *See* NY SOS § 461-b.

37. Only Mr. Wegman has received such approval for the HEAL facility. *See* Exhibit 3, NYS Health Profile (listing Hilton East Assisted Living LLC as the operator of HEAL).

38. HEAL is an assisted living facility offering 119 assisted living beds, 3 respite beds, and an overall capacity of 205 beds. *See* Exhibit 3, NYS Health Profile.

39. Neither HEAL nor the 231 East Avenue address can support 500 employees.

40. The 231 East Avenue facility has only 50-60 parking spots.

41. HEAL was cited by the New York Department of Health for failing to maintain even bare minimum staffing levels in October 2020 and March 2021.

42. In other words, HEAL had fewer than 4 employees on duty during the period of time Mr. Wegman falsely claimed to be spending PPP Loan monies to fund payroll for 500 employees at that location. *See* Exhibit 4, NY Dept. Health Citations; 18 NYCRR 487.9(f)(6).

## CAUSES OF ACTION

### COUNT I
### Violations of the False Claims Act: Presenting or Causing a False Claim
### (31 U.S.C. § 3729(a)(1)(A))

43. The foregoing allegations are repeated and realleged as if fully set forth herein.

44. The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), imposes liability upon those who knowingly present or cause to be presented false claims for payment or approval.

45. Defendant knowingly and willfully violated the False Claims Act by presenting, or causing to be presented, false claims for payment or approval.

46. Defendant knowingly and willfully violated the False Claims Act by presenting, or causing to be presented, false claims for payment or approval.

47. Specifically, and as alleged in more detail above, Defendant presented, or caused to be presented, materially false applications for PPP loan funds and then for forgiveness of the resulting loan.

48. Defendant certified compliance with applicable PPP laws, rules, and regulations despite not being compliant.

49. Defendant similarly certified the existence of facts which were not true.

50. Defendant knew or should have known (as defined in 31 U.S.C. § 3801(a)(5)) that the facts and certifications to which he attested were not true and that he made, presented, or submitted, or caused to be made, false or fraudulent claims for payment to the government.

9

51. Each of the applications submitted or caused to be submitted by the Defendant is a separate false and fraudulent claim.

52. Defendant presented or caused to be presented these claims knowing their falsity, or in deliberate ignorance or reckless disregard that such claims were false.

53. The United States was unaware of the foregoing circumstances and conduct of the Defendant and, in reliance on said false and fraudulent claims, authorized payments to be made to or on behalf of the Defendant, made such payments, and has been damaged.

54. Because of these false or fraudulent claims submitted or caused to be submitted by Defendant, the United States has been damaged in an amount to be determined at trial.

## COUNT II
### Violations of the False Claims Act: Making, Using, or Causing to be Used a False Record or Statement
### (31 U.S.C. § 3729(a)(1)(B))

55. The foregoing allegations are repeated and realleged as if fully set forth herein.

56. The False Claims Act, 31 U.S.C. § 3729(a)(1)(B), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to a false or fraudulent claim.

57. Defendant knowingly and willfully violated the False Claims Act by making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

58. Specifically, for purposes of obtaining or aiding to obtain a PPP loan and then forgiveness of that loan, Defendant made or presented, or caused to be made or presented, to the United States false or fraudulent applications and/or records, knowing these materials to be false or fraudulent, or acting with reckless disregard or deliberate ignorance thereof.

59. Each application submitted to the Government in support of Defendant's above-described false claims is a separate false record or statement and separate violation of 31 U.S.C. § 3729(a)(1)(B).

60. The United States was unaware of the foregoing circumstances and conduct of the Defendant and, in reliance on said false and fraudulent applications and/or records, authorized payments to be made to or on behalf of the Defendant, made such payments, and has been damaged.

61. Because of these false or fraudulent statements submitted or caused to be submitted by Defendant, the United States paid the claims, resulting in damages to the United States in an amount to be determined at trial.

## COUNT IV
## Violations of the False Claims Act: Conspiring to Violate the False Claims Act
## (31 U.S.C. § 3729(a)(1)(G))

62. The foregoing allegations are repeated and realleged as if fully set forth herein.

63. The False Claims Act, 31 U.S.C. § 3729(a)(1)(G), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

64. Upon receipt of improperly obtained PPP loan and forgiveness funds, Defendant had an obligation to repay and refund to the Government the amounts paid by the government.

65. Defendant knowingly and willfully violated the False Claims Act by failing to so repay or refund the monies he received.

66. The United States was unaware of the foregoing circumstances and conduct of Defendant.

67. Had the government been aware of Defendant's knowing false certifications and knowing failure to return overpayments it would have taken steps to recover them.

68. The United States has been damaged as a result in an amount to be determined at trial.

**WHEREFORE, Relator, on behalf of himself as well as the United States requests the following relief:**

a. A judgment against Defendant in an amount equal to all damages due to the Government, including treble damages, under the FCA;

b. A judgment against Defendant for all civil penalties due to the Government for each of Defendant's violations of the FCA;

c. That Relator recover from Defendant all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

d. That Relator be awarded all reasonable attorneys' fees in bringing this action;

e. That Relator be awarded the maximum amount of the proceeds of this action as allowed under 31 U.S.C. § 3730, and/or any other applicable provision of law;

f. That a trial by jury be held on all issues so triable;

g. An award of pre- and post-judgment interest; and

h. Such other and further relief to Relator and/or the United States of America as this Court may deem just and proper.

## **REQUEST FOR TRIAL BY JURY**

Under Rule 38 of the Federal Rules of Civil Procedure, Relator hereby requests a trial by jury.

Dated: May 17th, 2023

By: _____

Jonathan Ferris NY Bar Number: 5085493
*Attorney for Plaintiff Relator*
*(Local Counsel)*
Thomas & Soloman LLP
693 East Avenue
Rochester, NY
Tel:   (585) 272-0540
Fax:   (585) 272-0574
Email: jwferris@theemploymentattorneys.com


Darth M. Newman NY Bar Number: 5682687
*Attorney for Plaintiff Relator*
*(Lead Counsel, Motion for Admission Pending)*
Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, # 601
Coraopolis, PA 15108
Telephone:   412-436-3443
Email:       darth@dnewmanlaw.com

14